**Fadile DURAKU, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

No. 04–5064–ag.

United States Court of Appeals, Second Circuit.

May 16, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

---

Linda C. Flanagan, New York, NY, for Petitioner.

Marty J. Jackley, United States Attorney, Andrew R. Damgaard, Assistant United States Attorney, Sioux Falls, SD, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Fadile Duraku, a native and citizen of Montenegro, seeks review of an August 30, 2004 BIA decision affirming the March 10, 2003 decision of Immigration Judge ("IJ") George T. Chew, denying her applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Fadile Duraku*, No. A72–240–179 (B.I.A. Aug. 30, 2004), *aff'g* No. A72–240–179 (Immig. Ct. N.Y. City March 10, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed facts. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ In this case, no reasonable adjudicator would be compelled to conclude, contrary to the IJ's finding, that Duraku was subjected to past persecution. Specifically, Duraku testified that the two main problems she faced in Montenegro consisted of home searches for weapons by the Serbian military, and having Serbs look at her "with the bad eye" whenever she went

**50**

outside. Duraku testified that neither she nor her husband had ever been arrested, detained, or otherwise held by authorities, with the exception of home searches. Generally, to constitute persecution, the harm inflicted on an individual must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006); *Tian–Yong Chen,* 359 F.3d at 127. Thus, in this case, the IJ did not err in finding that Duraku had not been persecuted.

■ The IJ also correctly found that Duraku's claimed fear of persecution was not objectively reasonable. The Government established that Duraku knew that there was no longer a war in Montenegro, and that there was now a democratically elected government. Indeed, Duraku testified that although "[r]ight now in Montenegro things are not very bad," she remains afraid "because the Serbs are still there." In light of such testimony, the IJ did not err in finding that Duraku was not subjected to past persecution. *See* 8 U.S.C. § 1252(b)(4)(B).

■ Because Duraku was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir.1991).

■ Further, because Duraku failed to exhaust her administrative remedies regarding her CAT claim, we are precluded from reviewing that claim in the first in-

stance. *See* 8 U.S.C. § 1252(d)(1); *Theodoropoulos v. INS,* 358 F.3d 162 (2d Cir. 2004).

■ Lastly, Duraku has been ordered removed to "Serbia & Montenegro." However, because Serbia and Montenegro have become independent countries since the final order was issued, Duraku urges us to remand the case for a clarification of the country of removal. Although "Serbia & Montenegro" no longer exists, remand to the BIA is not required since the designation was not error at the time. We presume that the agency will modify the order of removal to specify the country to which Duraku is to be removed. *See* 8 U.S.C. § 1231(b)(2).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).