**Djerdj SADIKI, Tereze Sadiki, Petitioners,**

v.

**Michael MUKASEY, Attorney General, Respondent.**

No. 08–0722–ag.

United States Court of Appeals, Second Circuit.

Jan. 13, 2009.

Charles Christophe, Esq., New York, NY, for Petitioners.

Gregory G. Katsas, Acting Assistant Attorney General; Michelle Gorden Latour, Assistant Director, P. Michael Truman, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioners Djerdj and Tereze Sadiki (the "Sadikis"), both natives of the former Federal Republic of Yugoslavia, seek review of a January 14, 2008 order of the BIA denying their motion to reopen their asylum-only proceedings. *In re Djerdj Sadiki, Tereze Sadiki,* Nos. A 78 293 027, A 78 293 031 (B.I.A. Jan. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews its decision for an abuse of discretion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005), mindful that such motions are "disfavored." *Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006) (quoting *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A motion to reopen "asks that the proceedings be reopened for new evidence and a new decision, usually after an evidentiary hearing." *Id.* at 90. An alien is limited to one motion to reopen removal proceedings. *See* 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). This motion must be filed within ninety days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R § 1003.2(c)(2). However, a motion that does not comply with this time limitation may be brought when the alien presents evidence establishing "changed country conditions arising in the country of nationality" which was undiscovered or unavailable at the time of the alien's hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *see Yuen Jin v. Mukasey,* 538 F.3d 143, 151 (2d Cir.2008).

In this case, the BIA did not abuse its discretion in finding (1) that the Sadikis' motion to reopen was untimely—which is not disputed here—and (2) that they failed to produce sufficient evidence to establish changed country conditions in either Kosovo or Montenegro warranting an exception to the applicable time limitation. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005).

The BIA determined that "[a]lthough the evidence [submitted in support of the motion to reopen] reflects that the region is still plagued by violence and unrest, it does not support a conclusion that Albanians and/or Christians have again, since 2004, been placed at a significantly greater risk for persecution." A review of the record supports this finding.

The evidence that the Sadikis submitted to show that conditions in Kosovo had worsened did not differ materially from the evidence that they submitted to the IJ in support of their underlying application. *Compare* U.S. Dep't of State, *Serbia (includes Kosovo): Country Reports on Human Rights Practices—2006* § 1(a), *with* U.S. Dep't of State, *Federal Republic of Yugoslavia: Country Reports on Human Rights Practices—2002* § 1(a) ("2002 Country Report on Yugoslavia"). Moreover, the Sadikis have submitted no evidence to establish that, were they to return to Kosovo, they would be considered Serbian collaborators because they fled to Montenegro and did not return to Kosovo to fight during the war. Even if the Sadikis would be considered collaborators by Albanian nationalists in Kosovo, they have not established that conditions in Kosovo have changed such that they now have a reasonable fear of persecution on that ba-

sis. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

Likewise, the Sadikis' background materials on Montenegro show no appreciable change in the treatment or status of ethnic or religious minorities since the IJ denied their application for relief. For example, while the Sadikis cite a 2006 Country Report on religion in Montenegro for the proposition that "in many cases it was difficult to identify discriminatory acts as primarily religious or primarily ethic in origin," Petitioner's Br. at 15, they fail to note the next sentence, which states that "[m]inority religious communities reported better cooperation with government organizations, leading to increased ability to operate normally." U.S. Dep't of State, *Montenegro: Country Reports on Human Rights Practices—2006* § 2(c) ("2006 Country Report for Montenegro"). Moreover, the language cited by the Sadikis regarding discrimination against ethnic minorities in Montenegro is unchanged from pre–2004 reports. *Compare id.* § 5 ("Societal discrimination against ethnic minorities was a problem."), *with* U.S. Dep't of State, *Serbia and Montenegro: Country Reports on Human Rights Practices—2003* § 5 (Montenegro) ("Societal discrimination against ethnic minorities persisted.").

■ The Sadikis also argue that the BIA erred by failing to address the question of their nationality, arguing that they have neither "state nor nationality." However, this argument is unexhausted, and we decline to consider it. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004).[1]

■ Finally, the Sadikis argue that the BIA erred in refusing to exercise its authority to reopen their proceedings *sua sponte.* We lack jurisdiction to review this claim. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

---

1. We note that while Serbia and Montenegro were joined in a loose confederation at the time of the hearing before the IJ, both are now independent states, and Kosovo has declared its independence from Serbia. However, to the extent there is any ambiguity in the Sadikis' nationality, remand is not required on that basis. We presume that the agency will modify the order of removal to specify the country to which the Sadikis are to be removed. *See* 8 U.S.C. § 1231(b)(2); *see also Duraku v. Gonzales,* 233 Fed.Appx. 47, 50 (2d Cir.2007) (unpublished order).

