Ndrecaj v. Holder

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of November, two thousand eleven.

PRESENT: DENNIS JACOBS,
                    Chief Judge,
            RICHARD C. WESLEY,
                    Circuit Judge,
            RICHARD J. SULLIVAN,*
                    District Judge.

- - - - - - - - - - - - - - - - - - - -X
GJON NDRECAJ, LUMNIJE NDRECAJ,
RIKARDO NDRECAJ, KRISTINA NDRECAJ,
AND ROBERT NDRECAJ,
          Petitioners,

          -v.-                                    08-5888

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          Respondent.
- - - - - - - - - - - - - - - - - - - -X

---

    *  The Honorable Richard J. Sullivan, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PETITIONERS:**   Gjon Ndrecaj, pro se, Bronx, NY.

**FOR RESPONDENT:**   Tony West, Assistant Attorney General, Civil Division; Jennifer P. Levings, Senior Litigation Counsel; Tim Ramnitz, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision**, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED**.

Petitioners, natives of the former Yugoslavia and former residents of Kosovo, seek review of a November 4, 2008, decision of the BIA, affirming the December 3, 2006, decision of Immigration Judge ("IJ") Patricia A. Rohan, which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  In re Ndrecaj, Nos. A095 467 644/689/690/691/692 (B.I.A. Nov. 4, 2008), aff'g Nos. A095 467 644/689/690/691/692 (Immig. Ct. N.Y. City Dec. 3, 2006).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

When, as is the case here, "the BIA does not expressly 'adopt' the IJ's decision, but 'its brief opinion closely tracks the IJ's reasoning,' this Court may consider both the IJ's and BIA's opinions 'for the sake of completeness.'" Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (internal citations omitted).

"We review the factual findings of the BIA and IJ for substantial evidence."  Islam v. Gonzales, 469 F.3d 53, 55 (2d Cir. 2006) (citing 8 U.S.C. § 1252(b)(4)(B)).  "[W]e review de novo the question of law regarding what evidence will suffice to carry an asylum applicant's burden of proof." Jin Shui Qiu v. Ashcroft, 329 F.3d 140, 146 n.2 (2d Cir. 2003), overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice, 494 F.3d 296 (2d Cir. 2007) (en banc).

To be eligible for a discretionary grant of asylum, an applicant must be "unable or unwilling to return to . . . [his or her country of nationality] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "[A]n applicant must present credible, specific, and detailed evidence--whether by her own testimony or corroborating proof--that a reasonable person in her position would fear persecution if returned to her native country." Abankway v. INS, 185 F.3d 18, 22 (2d Cir. 1999).

The IJ and BIA determined that Petitioners presented insufficient evidence to substantiate a well-founded fear of persecution. After a de novo review, we agree.

Petitioners argue that they will be persecuted because of Gjon Ndrecaj's religion, political affiliation, and friendship with ethnic Serbians, and because Lumnije Ndrecaj provided the Serbian army with food under threat of force. The IJ found that Albanians who befriended Serbians or were forced to feed the Serbian army do not face persecution. These findings are supported by substantial evidence. The IJ found that the Democratic League of Kosovo has garnered the most votes in all four elections since 1999 and thus did not err in concluding that membership in this party will not result in persecution. Ndrecaj points to no evidence that Catholics are persecuted.

Gjon Ndrecaj testified that in 2001, an acquaintance informed him that he was not welcome in his country. However, "'vague threats' relayed by family and friends [are] insufficient to support [an] asylum application." Guan Shan Liao v. U.S. Dep't of Justice, 293 F.3d 61, 70 (2d Cir. 2002) (quoting Aguilar-Solis v. INS, 168 F.3d 565, 573 (1st Cir. 1999)).

Petitioners argue that they will be persecuted because Gjon and Rikardo Ndrecaj refused to serve in the Kosovo Liberation Army and cite Amnesty International reports that were published in 2000 and 2003. Because of the time elapsed since these publications and the IJ findings concerning the current conditions in Kosovo, Petitioners have not established a well-founded fear of persecution.

3

Because Petitioners have failed to present sufficient evidence of a well-founded fear, Petitioners also are ineligible for withholding of removal, which requires a "more stringent" burden of proof, <u>Gomez v. INS</u>, 947 F.2d 660, 665 (2d Cir. 1991), or relief under CAT, which requires proof by a preponderance of the evidence that if removed, the applicants will be tortured. 8 C.F.R. § 1208.16(c)(2).

Petitioners contend that remand is necessary for the BIA to determine their nationality and consider changes that occurred in Serbia Montenegro between the IJ decision in 2006 and the BIA decision in 2008. Petitioners did not make these arguments to the BIA and thus failed to administratively exhaust them. <u>See</u> <u>Lin Zhong v. U.S. Dep't of Justice</u>, 480 F.3d 104, 122 (2d Cir. 2007).

In any event, "[w]e presume that the agency will modify the order of removal to specify the country to which [Petitioners] are to be removed." <u>Sadiki v. Mukasey</u>, 306 F. App'x 675, 677 n.1 (2d Cir. 2009). If Petitioners believe that changes in circumstances warrant a well-founded fear of persecution, their recourse is a motion to reopen with the BIA. <u>See</u> 8 C.F.R. § 1003.2(c).

Finding no merit in Petitioners' remaining arguments, we hereby **DENY** the petition for review.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK

4